IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Patricia A Dye | CASE NO. 14 B 06587<br>Judge Hon. Schmetterer<br>CHAPTER 13 |
| Patricia A Dye<br><br>Plaintiff,<br><br>v.<br>First Franklin Financial<br>Defendant. | ADV. NO. 14 AP 00412 |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.  The Parties**

1. The Plaintiff is Patricia A Dye ("Plaintiff").

2. The Defendant is First Franklin Financial ("Defendant").

**B.  Factual Background**

1. On or about February 27, 2014, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 38 Highland Street, Calumet City, IL 60409.

3. That U.S. Bank National Association, as trustee, in trust for registered holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1 holds a first mortgage lien on the real property commonly known as 38 Highland Street, Calumet City, IL 60409, with a secured claim of $117,547.89 pursuant to the proof of claim filed on July 8, 2014.

4.  The Defendant holds a second mortgage lien on the real property known as 38 Highland Street, Calumet City, IL 60409 in the approximate amount of $30,000.00 pursuant to the secondary mortgage lien filed with the Cook County Recorder of Deeds on December 7, 2008.

5.  On June 25, 2014, LM Appraisal Group provided the Plaintiff with property comparables. Said property comparables reflect the value of the property located at 38 Highland Street, Calumet City, IL 60409 to be $65,000.00.

6.  The Modified Chapter 13 Plan filed on August 12, 2014, provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $475.00 per month for 36 months.

7.  Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

8.  On June 26, 2014, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 38 Highland Street, Calumet City, IL 60409.

9.  That on June 26, 2014, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to an officer of the Defendant at 135 E Tugalo Street, P.O. Box 880, Toccoa, GA 30577, and upon the registered agent, CT Corporation System at 208 S. LaSalle St. STE 814, Chicago, IL 60604.

10. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $65,000.00.

13. The first secured claim of U.S. Bank National Association, as trustee, in trust for registered holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1 in the amount of $117,547.89 exhausts the value and equity in Plaintiff's residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

A. **Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured lien on the property located at 38 Highland Street, Calumet City, IL 60409 in the amount of $117,000.00, and the second secured lien in the amount of $30,000.00.

5. That the value of Plaintiff's residence is $65,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case

is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C).*

Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 8/17/14

Enter:

_____
United States Bankruptcy Judge
AUG 29 2014

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625